UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE HANDLEY,<br><br>    Petitioner,<br><br>v.<br><br>SEAN MOORE,<br><br>    Respondent. | Case No. 8:22-cv-01423-MCS-GJS<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative habeas petition, (Pet., ECF No. 1), all relevant documents filed and lodged in this action, the Report and Recommendation of United States Magistrate Judge, (Report, ECF No. 14), and Petitioner's Objections to the Report, (Objs., ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Having completed its review, the Court accepts in part and rejects in part the findings and recommendations set forth in the Report. Specifically, the Court rejects the Magistrate Judge's determination that "Petitioner received fair notice of the charges against him." (Report 16.) The charging document did not allege the distinct elements of a charge of aggravated kidnapping for ransom, and the charging

document was only informally amended at a jury instruction conference held during trial—and even then, the court and the prosecutor misarticulated the elements of the crime. The Court doubts this comported with the notice and pleading requirements of the United States Constitution. U.S. Const. amend. VI; *see Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007).

That said, relief under 28 U.S.C. § 2254(d) is available only if the state court's resolution of Petitioner's due process claim on direct appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The Court concurs with the Magistrate Judge that the state court's resolution of the claim on direct appeal "was not objectively unreasonable factually or under the clearly established federal law." (Report 17.) In its reasoned decision, the California Court of Appeal rejected Petitioner's argument that a longstanding state precedent that undermines his claim, *People v. Britton*, 6 Cal. 2d 1 (1936), conflicts with Supreme Court precedent. (Pet. Ex. G, at 1986, ECF No. 1-3.) The state court noted that the Supreme Court of the United States had declined to resolve whether punishment-enhancing facts must be included in a charging document, and that the California Supreme Court's interpretation of that precedent bound the state court. (*Id.* at 1986–87 (citing, inter alia, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *People v. Contreras*, 58 Cal. 4th 123 (2013)).) Petitioner does not explicitly challenge the Magistrate Judge's finding that this analysis was not objectively unreasonable; instead, citing *Alleyne v. United States*, 570 U.S. 99, 109–11 (2013), he argues that it was clearly established that the notice provision of the Sixth Amendment applies to state proceedings and that the common law as codified in the Sixth Amendment requires every fact essential to the punishment to be pleaded. (Objs. 2–3.) The principles articulated in *Alleyne* on which Petitioner relies are dicta supporting the Court's conclusion that "facts that increase mandatory minimum sentences must be

submitted to the jury." 570 U.S. at 116. *Alleyne* did not speak directly to criminal pleading requirements. Accordingly, Petitioner has not demonstrated the principles on which his petition relies are clearly established for the purpose of § 2254(d)(1). *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The Court also concurs with the Magistrate Judge that Petitioner has not demonstrated that any constitutional error was structural or resulted in any prejudice to his defense. (Report 17.) Notwithstanding Petitioner's persuasive arguments why the type of error here might require automatic reversal, (Objs. 19–20), this Court takes a cue from the Ninth Circuit and "hesitate[s] to pronounce the constitutional violation in question structural in nature, without an explicit 'green light' from the [Supreme] Court," *Gautt*, 489 F.3d at 1015. And Petitioner still has not demonstrated how the purported "error had a 'substantial and injurious effect or influence' on the outcome of his trial." *Brown v. Davenport*, 596 U.S. 118, 126 (2022) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). He argues that "the state cannot prove that the error" was harmless, (Objs. 21), but he bears the burden on this issue, not Respondent, *Brown*, 596 U.S. at 126.

The Court accepts the Magistrate Judge's conclusion that habeas relief is unwarranted. Accordingly, **IT IS ORDERED** that the Petition is DENIED; and judgment shall be entered dismissing this action with prejudice.

DATE: January 16, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE